FRANCISCO BALLESTER ACOSTA, Plaintiff and Appellee, *v.* FARM & DAIRY PRODUCTS, INC., Defendant and Appellant.

No. 8223. Argued April 4, 1941.—Decided April 17, 1941.

484

*Cayetano Coll Cuchí,* for appellant. *Dubón & Ochoteco,* and *Otero Suro & Otero Suro,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

On road number 46, in the trajectory between the Insular Sanitarium and the Eleanor Roosevelt Development, the automobile of the plaintiff collided with a truck of the defendant driven by its employee, Joaquín Irizarry. As a consequence of the collision, the plaintiff, who was driving his car, suffered various injuries, the heart finger of his right hand being permanently disabled and his automobile being destroyed and rendered useless.

The evidence in regard to the cause of the accident is contradictory. The lower court decided the conflict in favor of the plaintiff and stated as follows:

"The court, weighing the evidence as a whole, and taking into consideration the manner in which the witnesses of both parties testified, gives complete credit to the testimony of the plaintiff and reaches the conclusion that this accident was caused by the negligence of the chauffeur who drove the vehicle of the defendant and that the plaintiff is not guilty of any negligence whatsoever and that therefore, the defendant is liable for the damages suffered or caused to the plaintiff as the result of said accident."

In keeping with this conclusion it rendered judgment ordering the defendant to pay the plaintiff the amount of $850 as total compensation for the damages above indicated and

it ordered it to pay, the costs and the sum of $200 for attorney's fees.

The appellant accepts that the evidence is contradictory but maintains that the preponderance of the same is in its favor.

██ Plaintiff's evidence consisted of his own testimony, that of José Rivera Rodríguez, an Insular Policeman, that of the mechanic Pascual Hernández and of a certificate signed by Dr. Guillermo H. Barbosa, which was admitted with the objection of the defendant.

The first one testified that he was travelling at 20 or 25 miles an hour and that about 50 meters away he saw the defendant's vehicle which was coming in the opposite direction at a speed which he calculated at 35 miles per hour; that the plaintiff took to his right side of the road as much as possible but that the driver of the defendant, due to the speed at which he was travelling, and without taking into consideration that that stretch of the road is very narrow and that at certain parts the macadam at the edges is destroyed, took no precautions and due to this the rear axle which extends about three or four inches from the mudguard of the truck collided with the hubcap of the left front wheel of the automobile which caused the plaintiff to lose control of the wheel and swerve towards the left and going into the opposite ditch, the car collided with its slope (talud).

The Policeman Rivera Rodríguez did not see the accident but went to the place of the happenings immediately after its occurrence and from the marks left by both vehicles he determined that plaintiff's car, at the moment of the collision, was completely on his right side of the road but he was not able to state so in regard to that of the defendant.

The mechanic Hernández made a like observation, testifying, the same as the plaintiff, as to the damages suffered in regard to which there is no controversy.

Dr. Barbosa's certificate refers exclusively to the injuries suffered by the plaintiff.

The evidence of the defendant consisted of the testimony of the chauffeur, the *peón* who accompanied him and of another employee of the defendant who testified that he saw the accident because at that time he was going to work and the carburetor of his car got out of order near that place and of the testimony of Emilio Cordero Pérez who has no relation to the parties. These witnesses stated that the cause of the accident was the excessive speed at which the plaintiff was travelling and that the chauffeur of the defendant, on seeing him, and to prevent a collision, stopped and parked his car as far as possible to the right side, notwithstanding which, the plaintiff struck the rear axle of defendant's vehicle with the hubcap of his front wheel.

The defendant is right in that it presented more witnesses than the plaintiff but this sole circumstance does not imply that the preponderance of the evidence is not in favor of the plaintiff. As the legal maxim says, the witnesses are weighed, not counted and the trial judge, who saw and heard the witnesses testify, weighed the evidence and in his opinion the balance was in favor of the plaintiff. Section 18 of the Law of Evidence provides in this regard:

"The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason."

Besides, in the case of *Matías* v. *Schweitzer*, 55 P.R.R. 738, 744, this Court, referring to the rule which should be followed on appeal in regard to the weighing of the evidence made by the lower court, said:

"If we consider that it was the purpose of the plaintiff to take the road leading to his house, to do which he had to cross the highway on or about the place where he was struck; if we take into account that an automobile driven along one side of the road normally does not leave its course to take the other lane, and finally, if we consider that sometimes a pedestrian on suddenly finding him-

self in danger loses his head and instead of running away rushes to it, it is easy to conclude that the theory of the defendants is more probable than that of the plaintiff and his witnesses. However, this last theory is not materially impossible. Sometimes a distraction of the driver, a slope in the road and even a small obstacle run over by one of the front wheels at a moment in which the driver is not paying attention, may cause an automobile to swerve off its course if it is travelling at a great velocity, as the car of the defendant was travelling as is assured by the witnesses for the plaintiff. Therefore, as this version is not materially impossible, it being upheld by the evidence of the plaintiff, which was believed by the trial judge, who had the opportunity which we do not have of noticing the expressions and vacillations of the witnesses in answering questions put to them and also their conduct in general on the stand, we should not alter the findings of the lower court unless it appears from the evidence that in weighing it the court was influenced by bias, prejudice or partiality.''

In like terms was the decision of the Supreme Court of Montana in *Wallace* v. *Wallace* (1929) 279 Pac. 374, 66 A. L. R. 587, 592, to wit:

''In considering this assignment, we are bound by the following well established rules circumscribing our right to review the evidence: So long as we retain the jury system and our present statutory provisions with regard thereto, courts and litigants must abide by the decision of the jury respecting the weight of the evidence and the credibility of the witnesses; these are matters with which this court, on appeal, has nothing to do. (Authorities) A jury may believe the testimony of one witness and disbelieve that of another, or any number of others, and determination of the jury in this regard is final; having spoken, this court must assume that the facts are as stated by the witnesses believed by the jury, and claimed by the prevailing party. (Authorities) The preponderance of the evidence may be established by a single witness as against a greater number of witnesses who testify to the contrary. (Authorities)

''It follows that wherever there is a conflict in the evidence this court may only review the testimony for the purpose of determining whether or not there is any substantial evidence in the record to support the verdict of the jury, and must accept the evidence there found as true, unless that evidence is so inherently impossible or improbable as not to be entitled to belief; *and where a verdict is*

*based upon substantial evidence which, from any point of view, could have been accepted by the jury as credible, it is binding upon this court, although it may appear inherently weak.* (Authorities.'' (Italics supplied.)

The judgment appealed from is clearly upheld by the evidence which is neither impossible nor improbable and as it has not been shown that the trial judge in weighing it was moved by bias, prejudice or partiality, the judgment appealed from must be affirmed.